FILED
2026 Jun-10  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSEPH DANIEL WALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-01808-RDP-HNJ |
| | ) | |
| BREMER, | ) | |
| *Warden* | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Joseph Daniel Walls ("Walls") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Walls, a pretrial detainee held on pending state criminal charges at the Marshall County Jail at the time he filed his petition, seeks dismissal of the charges against him or his release pending trial.  (Doc. 1 at 1, 9).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the petition to the undersigned Magistrate Judge for a preliminary report and recommendation.

As explained herein, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** as **MOOT**.  In the alternative, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Walls's failure to prosecute his claims.  The undersigned **FURTHER RECOMMENDS** the court

**DENY** Respondent's Motion for Summary Judgment, (doc. 9), and Walls's Motion for Summary Judgment, (doc. 15), as **MOOT**.

## I.    FACTUAL & PROCEDURAL HISTORY

A Marshall County Grand Jury indicted Walls on May 1, 2024, on one count of domestic violence - strangulation or suffocation and one count of second-degree domestic violence.  (Doc. 16-1 at 1). State authorities arrested Walls on May 31, 2024. (Doc. 16-1 at 1).

On October 17, 2025, the court received Walls's § 2241 habeas petition.  (Doc. 1).  The court issued an Order to Show Cause on October 21, 2025, requiring Respondent Warden Bremer to appear and show cause in writing within 30 days why Walls's petition should not be granted.  (Doc. 5).  On November 7, 2025, Warden Bremer filed an Answer seeking the summary disposition of Walls's petition.  (Doc. 8). The court received Walls's reply on December 1, 2025.  (Doc. 12).  Walls subsequently filed his Motion for Summary Judgment "seeking to be released until trial . . . ."  (Doc. 15 at 1).

On April 7, 2026, Walls pleaded guilty to second-degree domestic violence, and the Circuit Court of Marshall County, Alabama ("Circuit Court") sentenced him to 180 months in the Alabama Department of Corrections ("ADOC"), split to serve 24 months in the County Jail which Walls had already served, thereby effectively sentencing Walls to time served.  (Doc. 16-2).  The Circuit Court ordered the suspension of the unserved portion of Walls's sentence and placed him on probation

under the supervision of State Probation for 60 months.  (Doc. 16-2 at 5).  The Circuit Court dismissed all other counts pending against Walls.  (Doc. 16-2 at 4).  Jail officials released Walls from custody the same day he pleaded guilty.  *See* https://www.marshallso.org/inmate-roster/filters/current/booking_time=desc/1 (last accessed June 8, 2026).

Because Walls's guilty plea appeared to render his § 2241 petition moot, the court entered an Order to Show Cause on April 29, 2026, requiring Walls to show cause within 21 days why his petition should not be dismissed as moot.  (Doc. 16 at 6).  This same order required Walls to file a notice of change of address within 21 days informing the court of his new mailing address and informed Walls his petition could be dismissed without further notice if he failed to comply.  (Doc. 16 at 6).  On May 26, 2026, the postal service returned the April 29, 2026, Order to Show Cause as undeliverable.  (Doc. 17).

## II.    ANALYSIS

Walls's § 2241 petition warrants dismissal as moot.  In the alternative, Walls's petition warrants dismissal for his failure to prosecute his claims.

### A.    Mootness

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'"[1] *Soliman v. United States*, 296 F.3d 1237,

---

[1] The court may consider whether it maintains jurisdiction *sua sponte*. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating courts "have an independent obligation to determine whether

1242 (11th Cir. 2002) (per curiam) (quoting U.S. Const. art III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (alteration adopted); *see also Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) ("Mootness demands that there be something about the case that remains alive, present, real, and immediate so that a federal court can provide redress in some palpable way."). "[P]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Soliman*, 296 F.3d at 1242 (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000)); *see also Gagliardi*, 889 F.3d at 733 ("Thus, a case that was once cognizable under Article III becomes moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit.'" (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013))).

---

subject-matter jurisdiction exists, even in the absence of a challenge from any party" (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999))); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (holding the federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking" (quoting *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024))).

"Therefore, 'if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Soliman*, 296 F.3d at 1242 (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)) (alteration adopted); *see also Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (per curiam) ("A district court lacks the power, on mootness grounds, to decide a case if its decision cannot affect the rights of the litigants in the case. … [A] case must be dismissed as moot if the court can no longer provide meaningful relief." (internal quotation marks and citations omitted)); *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217 ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." (citation omitted)); *Gagliardi*, 889 F.3d at 733 ("'[A] federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992))).

All charges against Walls have been resolved, either through his guilty plea or dismissal, and Walls has been released from custody.  Because Walls received his requested relief, the order he seeks in his habeas petition would bear no effect.  (*See* Doc. 1 at 9).  Put simply, "there is nothing for [this court] to remedy, even if [it] were disposed to do so." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

5

Thus, Walls's § 2241 habeas petition stands moot. *See Powers v. Schwartz*, 587 F.2d 783, 783-84 (5th Cir. 1979)[2] (per curiam) ("At oral argument, all parties admitted that since the district court's action [petitioner] has been tried on and convicted of the charges that precipitated this [habeas] action. [She] is therefore no longer a pretrial detainee; she has not shown a reasonable probability that she will again acquire that status in the future; and this is not a class action. The case is therefore moot."); *Wilson v. Straka*, No. 7:22-cv-01309-CLM-NAD, 2024 WL 413477, at *2-3 (N.D. Ala. Jan. 9, 2024) ("[Petitioner's] habeas claims about the legality of his pretrial detention at the Pickens County Jail are moot, because all of the charges against him have been resolved, either through his guilty pleas or dismissal."), *adopted by Wilson v. Straka*, No. 7:22-cv-01309-CLM-NAD, 2024 WL 409387, at *1 (N.D. Ala. Feb. 2, 2024); *McDonald v. Kilgore*, No.: 1:19-cv-01958-KOB-SGC, 2020 WL 5753613, at *2 (N.D. Ala. July 23, 2020) ("Upon entry of his plea and subsequent conviction, the petitioner's status changed from a pretrial detainee to a convicted state court prisoner, and this petition [ ] was rendered moot." (collecting cases)), *adopted by McDonald v. Kilgore*, No.: 1:19-cv-01958-KOB-SGC, 2020 WL 5750015, at *1 (N.D. Ala. Sep. 25, 2020).

Thus, no case or controversy remains for which the court can grant meaningful relief unless an exception to the doctrine of mootness applies. Two exceptions to the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), *abrogated in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

mootness doctrine potentially apply to Walls's § 2241 habeas petition: (1) collateral consequences; and (2) capable of repetition, yet evading review. *See Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120-21 (11th Cir. 1995).[3]

### 1.    Collateral Consequences

The collateral consequences exception to the mootness doctrine "allows review of an otherwise-moot case if the district court's order will have dangerous collateral consequences if not reversed." *Brooks*, 59 F.3d at 1121. *See also B & B Chem. Co. v. EPA*, 806 F.2d 987, 990 (11th Cir. 1986) ("The last exception to the mootness doctrine occurs where the trial court's order will have possible collateral legal consequences." (citing *Powell v. McCormack*, 395 U.S. 486, 495-500 (1969)) (parallel citations omitted)). Walls did not identify any collateral consequences in his filings with the court, and the undersigned discerns none.

### 2.    Capable of Repetition, Yet Evading Review

"The capable-of-repetition doctrine applies only in exceptional situations…where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party

---

[3] The Eleventh Circuit Court of Appeals recognized a third exception to the mootness doctrine in *Brooks*: "where 'an appellant has taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot.'" 59 F.3d at 1121 (quoting *B & B Chem. Co. v. EPA*, 806 F.2d 987, 990 (11th Cir. 1986)). As this case does not involve an appeal, this exception does not apply.

7

will be subject to the same action again[.]" *Spencer*, 523 U.S. at 17 (alterations adopted) (internal quotation marks and citations omitted)); *see also Murphy v. Hunt*, 455 U.S. 478, 482 (1982) ("[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam))); *Weinstein*, 423 U.S. at 149; *Soliman*, 296 F.3d at 1243 ("[T]he narrow exception for cases that are capable of repetition yet evading review…can be invoked 'only in the exceptional circumstance in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation.'" (quoting *Al Najjar*, 273 F.3d at 1340)).

There exists no evidence Walls will demand release from pretrial detention in the future. That is, while the state courts will continue to detain defendants facing criminal charges, "there is no demonstrated probability that [Walls] will again be among that number." *See Weinstein*, 423 U.S. at 149. As such, the 'capable of repetition, yet evading review' exception to the mootness doctrine does not apply to Walls's § 2241 habeas petition. *See id.*

Because this court can no longer grant Walls meaningful relief and neither exception to the mootness doctrine applies, his claims warrant dismissal without prejudice as moot. *See Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002) ("Dismissal of a moot case is required because mootness is jurisdictional." (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir.2001))); *Gardner v. Mutz*, 962 F.3d 1329,

1344 (11th Cir. 2020) (instructing that "the district court should dismiss without prejudice for lack of jurisdiction").

### B.    Failure to Prosecute

In the alternative, Walls's petition warrants dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his failure to prosecute.[4]

On October 17, 2025, the Clerk of Court notified Walls of the filing of his civil action in this court. (Doc. 3). The notice informed Walls the court would keep him informed of the status of his case by sending him copies of all orders of the court. (Doc. 3 at 1). The notice advised Walls to file a notice of change of address if his address changed and notified him his claims could be dismissed if he did not keep the court advised of his current mailing address. (Doc. 3 at 1).

When he filed this action, the State detained Walls at the Marshall County Jail. (Doc. 1 at 1). Jail officials released Walls from the Marshall County Jail on April 7, 2026, the same day he pleaded guilty. *See* https://www.marshallso.org/inmate-roster/filters/current/booking_time=desc/1 (last accessed June 8, 2026). Walls did not inform the court of his release from custody or supply the court with his updated address.

---

[4] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The district court may apply the Habeas Rules to 28 U.S.C. § 2241 habeas cases. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, on April 29, 2026, the undersigned ordered Walls to file a notice within 21 days stating (1) his current mailing address and (2) whether he wishes to continue prosecuting his claims. (Doc. 16 at 6). The undersigned warned Walls that failure to comply with the order could result in the dismissal of this action without further notice. (Doc. 16 at 6). On May 26, 2026, the postal service returned the April 29, 2026, Order to Show Cause as undeliverable. (Doc. 17).

More than 21 days have elapsed, Walls failed to file the required notice, and this court lacks the means to communicate with Walls as a result. Accordingly, the undersigned recommends the court dismiss this action without prejudice for Walls's failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005).

Because Walls's § 2241 petition warrants dismissal, Respondent's Motion for Summary Judgment, (doc. 9), and Walls's Motion for Summary Judgment, (doc. 15), warrant denial as moot.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** as **MOOT**. In the alternative, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Walls's failure to prosecute his claims. The undersigned **FURTHER**

**RECOMMENDS** the court **DENY** Respondent's Motion for Summary Judgment, (doc. 9), and Walls's Motion for Summary Judgment, (doc. 15), as **MOOT**.

The undersigned includes no recommendation on whether the court should grant or deny a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(2) in this case because an appeal from the dismissal of a habeas petition for lack of jurisdiction does not require a COA. *See Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003) (concluding the phrase in 28 U.S.C. § 2253(c)(1)(A), "arises out of process issued by a State court," required a certificate of appealability in a challenge to a prisoner's disciplinary proceeding when the prisoner's detention originated in a "state court process"); *Lewis v., Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021) (per curiam) (finding "a COA is required to appeal from the district court's denial of [petitioner's] § 2241 petitions" because petitioner's "detention resulted from a pretrial detention order, which arose 'out of a process issued by a State court,' specifically the state court's revocation of [petitioner's] bond in his several criminal cases.'" (citing *Medberry*, 351 F.3d at 1063)); *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order in a habeas corpus proceeding.'" (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004))); *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) ("The key inquiry into whether an order is 'final'

11

for [28 U.S.C.] § 2253 purposes is whether it is an order 'that disposes of the merits of a habeas corpus proceeding.'" (quoting *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (alteration adopted)); *Hubbard*, 379 F.3d at 1247 ("Section 2253(c) has no application here because the district court's decision dismissing the Amended Petition is not 'a final order in a habeas corpus proceeding' within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction."); *Sierra Club*, 315 F.3d at 1299 ("Dismissal of a moot case is required because mootness is jurisdictional." (citing *Al Najjar*, 273 F.3d at 1336).

## IV. NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days**. The parties must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. (11th Cir. R. 3-1).

After receiving any objections, a District Judge will conduct a de novo review of the relevant portions of the report and recommendation and may accept, reject, or

12

modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a District Judge.

**DONE** this 10th day of June, 2026.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE